# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM WILLIAMS,<br><br>  Plaintiff,<br><br>  v.<br><br>J. MARSH #018609 CALIFORNIA HIGHWAY PATROL,<br><br>  Defendant. | **Case No. 1:19-cv-00309-NONE-SKO**<br><br>**FINDINGS AND RECOMMENDATION THAT DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND REQUIRE SECURITY BE DENIED**<br><br>**(Doc. 60)** |

Plaintiff Ahkeem Williams is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant J. Marsh #018609 California Highway Patrol's motion to declare Plaintiff a vexatious litigant and require him to post security, filed May 1, 2020. (Doc. 60.)

## I.  RELEVANT BACKGROUND

In his complaint filed March 7, 2019, Plaintiff alleges that Defendant arrested him for driving a motor vehicle under the influence of alcohol and/or a drug without probable cause in violation of his rights under the Fourth Amendment to the United States Constitution. (Doc. 1.)

Defendant filed an answer to the complaint on June 10, 2019. (Doc. 13.) On July 17, 2019, the Court issued its scheduling order. (Doc. 25.)

On May 1, 2020, Defendant filed the present motion. (Doc. 60.) Plaintiff was served with the motion by mail on May 1, 2020. (Doc. 60.) The motion was noticed for hearing on June 3,

2020, and, under Local Rule 230, Plaintiff's opposition was due on May 20, 2020. *See* E.D. Cal. L.R. 230(c). Plaintiff did not file an opposition to the motion by the deadline or request an extension of time to do so. Accordingly, the motion is deemed unopposed. *See id*.

The Court reviewed the motion and all supporting material and found the matter suitable for decision without oral argument pursuant to Local Rule 230(g). The hearing set for June 3, 2020, was therefore vacated. (*See* Doc. 65.)

## II.   DISCUSSION

### A.   Defendant's Motion

Defendant seeks to have Plaintiff declared a vexatious litigant and post security in the amount of $11,660 before this matter is permitted to proceed, pursuant to this Court's Local Rule 151(b). (*See* Doc. 60.) Local Rule 151(b) of the Eastern District of California provides:

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

E.D. Cal. L.R. 151(b). Defendant contends that Plaintiff should be required to post a security pursuant to California Civil Procedure Code section 391.1, which provides:

> In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security or for an order dismissing the litigation pursuant to subdivision (b) of Section 391.3. The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant.

Cal. Civ. Proc. Code § 391.1. Defendant asserts that Plaintiff meets the definition of vexatious under *See* Cal. Civ. Proc. Code § 391(b)(1), which defines a "vexatious litigant" as a person who, "in the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in small claims court that have been . . . finally determined adversely to the person . . ."

According to Defendant, Plaintiff has commenced or maintained sixteen unsuccessful

2

lawsuits in the past seven years, and he is unlikely to succeed on the merits of this case.[1]  In support of his motion, Defendant has cited the following cases:

**1.**  ***Williams v. Pedriero, et al.,*** **(E.D. Cal. Case No. 1:12-cv-00606-SKO)**

On October 17, 2014, the district court dismissed the action, with prejudice, based on Plaintiff's failure to file a pretrial statement in compliance with the scheduling order.  (RJN, Ex. A.)

**2.**  ***Williams v. Garcia, et al.,*** **(9th Circuit Case No. 15-16509)**

Plaintiff appealed the district court's dismissal of the above case.  In a memorandum filed November 17, 2015, the Ninth Circuit dismissed the appeal for lack of jurisdiction because the notice of appeal was not filed or delivered to prison officials within 30 days after the district court's judgment.  The mandate issued on December 10, 2015.  (RJN, Ex. B.)

**3.**  ***Williams v. Garcia, et al.,*** **(United States Supreme Court Application No. 15A938)**

On February 9, 2016, Plaintiff filed an application to extend the time to file a petition for a writ of certiorari of the Ninth Circuit's mandate in the above case.  Justice Kennedy denied the application for extension of time on March 10, 2016.  (RJN, Ex. C.)

**4.**  ***Williams v. Jordan, et al.,*** **(E.D. Cal. Case No. 1:17-cv-00816-DAD-BAM)**

On July 18, 2019, the assigned magistrate judge recommended that the action be dismissed with prejudice because Plaintiff failed to follow court orders to file a single amended complaint, as opposed to amending his complaint in a "piecemeal fashion."  The assigned district judge adopted the recommendation and dismissed the case on October 22, 2019.  (RJN, Ex. D.)

**5.**  ***Williams v. Jurdon, et al.,*** **(E.D. Cal. Case No. 1:17-cv-00860-LJO-MJS)**

On September 11, 2017, the assigned magistrate judge recommended that some of Plaintiff's claims be dismissed without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and other of Plaintiff's claims be dismissed with prejudice for failure to state a cognizable constitutional claim. The assigned district judge adopted the recommendation in part on January 4, 2018, finding that the *Younger* doctrine no longer applied.  Plaintiff's federal claims were dismissed with prejudice, while

---

[1] Defendant's request to take judicial notice ("RJN") of the sixteen cases (Doc. 60-5) is granted.  *See* Fed. R. Evid. 201; *see also United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (finding that the court may take judicial notice of court records in other cases).

1 his state law claims were dismissed for lack of jurisdiction.  (RJN, Ex. E.)

      **6.**    *Williams v. Leng,* **(E.D. Cal. Case No. 1:17-cv-01256-DAD-SKO)**

The assigned district judge dismissed the action with prejudice on December 8, 2017, finding his claims were barred by judicial immunity and therefore not cognizable.  (RJN, Ex. F.)

      **7.**    *Williams v. Seng*, **(9th Circuit Case No. 15-16509)**

Plaintiff appealed the district court's dismissal of the above case.  On February 22, 2018, the Clerk of Court of the Ninth Circuit issued an order indicating that "[a] review of the record reflects that this appeal may be frivolous," and directing Plaintiff to either dismiss the appeal or "file a statement explaining why the appeal is not frivolous and should go forward."  Plaintiff did not respond to the order, and his appeal was dismissed for failure to prosecute.  (RJN, Ex. G.)

      **8.**    *Williams v. Drozd,* **(E.D. Cal. Case No. 1:17-cv-01707-LJO-EPG)**

The assigned district judge dismissed the action with prejudice on January 4, 2018, finding his claims were barred by judicial immunity and therefore not cognizable.  (RJN, Ex. H.)

      **9.**    *Williams v. Rivera, et al.,* **(9th Circuit Case No. 18-15076)**

Plaintiff appealed the district court's dismissal of the *Jurdon* case, above.  On October 5, 2018, the Clerk of Court of the Ninth Circuit issued an order indicating that it appeared Plaintiff was proceeding with his claims in the *Jordan* case (Case No. 1:17-cv-00816-DAD-BAM), and directing Plaintiff to file either a motion to voluntarily dismiss the appeal or a notice that he intended to prosecute the appeal.  Plaintiff voluntarily dismissed the appeal on October 31, 2018.  (RJN, Ex. I.)

      **10.**    *Williams v. U.S.D.C. Court Clerks,* **(E.D. Cal. Case No. 1:18-cv-00071-LJO-SAB)**

On January 25, 2018, the assigned magistrate judge recommended that the action be dismissed with prejudice on the basis that the Clerk of the Court is entitled to quasi-judicial immunity for damages and the injunctive relief Plaintiff sought was moot.  The assigned district judge adopted the recommendation and dismissed the case on February 2, 2018.  (RJN, Ex. J.)

      **11.**    *Williams v. Drozd,* **(9th Circuit Case No. 18-15091)**

Plaintiff appealed the district court's dismissal of the *Drozd* case, above.  On January 26, 2018, the Clerk of Court of the Ninth Circuit issued an order indicating that "[a] review of the record reflects that this appeal may be frivolous," and directing Plaintiff to either dismiss the appeal or "file

a statement explaining why the appeal is not frivolous and should go forward." Plaintiff did not respond to the order, and his appeal was dismissed for failure to prosecute. (RJN, Ex. K.)

**12.** *Williams v. California Highway Patrol, et al.,* **(E.D. Cal. Case No. 1:18-cv-00183-AWI-SKO)**

On October 25, 2018, Plaintiff voluntarily dismissed this action due to his inability to afford a copy of CHP incident report in order to identify the correct name of the defendant. (RJN, Ex. L.)

**13.** *Williams v. Kings County District Attorney's Office, et al.,* **(E.D. Cal. Case No. 1:18-cv-00416-DAD-SKO)**

On July 16, 2018, Plaintiff voluntarily dismissed this action. (RJN, Ex. M.)

**14.** *Williams v. Stover, et al.,* **(E.D. Cal. Case No. 1:19-cv-00856-DAD-SAB)**

On July 18, 2019, the assigned magistrate judge recommended that the action be dismissed with prejudice because Plaintiff fails to state a cognizable claim for relief for a violation of his federal rights. The magistrate judge found that Plaintiff's complaint was defective in that it seeks monetary relief from defendants who are immune from such relief, names defendants who were not acting under color of state law, brings claims that relate to ongoing state criminal proceedings that for which the *Younger* abstention applies, or brings claims that are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and must be brought by a writ of habeas corpus. The assigned district judge adopted the recommendation and dismissed the case on October 22, 2019. (RJN, Ex. N.)

**15.** *Williams v. Stover,* **(9th Circuit Case No. 19-17236)**

Plaintiff appealed the district court's dismissal of the above case. On November 26, 2019, the Clerk of Court of the Ninth Circuit issued an order indicating that "[a] review of the district court's docket reflects that the district court has certified that this appeal is not taken in good faith," and directing Plaintiff to either dismiss the appeal or "file a statement explaining why the appeal is not frivolous and should go forward." After receipt of Plaintiff's response to the order, the Ninth Circuit dismissed the appeal as frivolous on February 7, 2020. (RJN, Ex. O.)

**16.** *Williams v. Stover, et al.,* **(E.D. Cal. Case No. 1 1:20-cv-00063-DAD-SAB)**

On February 27, 2020, the assigned magistrate judge recommended that the action be dismissed with prejudice for failure to state a claim for violation of his federal rights and, because

5

Plaintiff had previously filed the same the suit against the same defendants, that the present case be dismissed as "malicious under the Prison Litigation Reform Act [28 U.S.C. § 1915(g)]." The assigned district judge adopted the recommendation and dismissed the case on April 21, 2020. (RJN, Ex. P.)

**B.     Analysis**

Defendant contends that Plaintiff is a vexatious litigant as defined by California law, and therefore this Court should require him to post security pursuant to Local Rule 151(b) and California Civil Procedure Code section 391.1. As this Court has previously found, however, Local Rule 151(b) is a purely *procedural* rule that allows courts in this district to impose payment of a security if the plaintiff is found to be vexatious. *See Garcia v. Baldwin*, Case No.: 1:19-cv-00184-SAB (PC), 2019 WL 4594701, at *2 (E.D. Cal. Sept. 23, 2019), *report and recommendation adopted*, Case No.: 1:19-cv-00184-SAB (PC), 2020 WL 402017 (E.D. Cal. Jan. 24, 2020); *Harris v. Quillen*, Case No. 1:17-cv-01370-DAD-SAB (PC), 2019 WL 2635950, at *1 (E.D. Cal. June 27, 2019), *report and recommendation adopted*, Case No. 1:17-cv-01370-DAD-SAB (PC), 2020 WL 429120 (E.D. Cal. Jan. 28, 2020). *See also Gaines v. Beaver*, Case No.: 1:16-cv-01689-LJO-JLT (PC), 2019 WL 6713419, at *1 (E.D. Cal. Dec. 10, 2019) ("Under Local Rule 151(b), the Court looks to state law for the procedures to use when deciding whether to order a plaintiff to furnish a security, bond, or undertaking."), *report and recommendation adopted*, Case No.: 1:16-cv-01689-LJO-JLT (PC), 2020 WL 58271 (E.D. Cal. Jan. 6, 2020). "While Local Rule 151(b) directs the Court to look to state law for the procedure in which a litigant may be ordered to furnish security, this Court looks to federal law for the definition of vexatiousness."[2] *Goolsby v. Gonzales*, No. 1:11–cv–00394–LJO–GSA–PC, 2014 WL 2330108, at *1 (E.D. Cal. May 29, 2014), *report and recommendation adopted*, No. 1:11–cv–00394–LJO–GSA–PC, 2014 WL 3529998 (E.D. Cal. July 15, 2014). *See also Smith v. Officer Sergeant*, No. 2:15-cv-0979 GEB DB P, 2016 WL 6875892, at *2 (E.D. Cal.

---

[2] As this Court recently observed, "the case history regarding whether to apply the state or federal definition of vexatiousness is unhelpfully mixed." *Gaines*, 2020 WL 58271, at *1 (citing cases). "The crux of the matter, though, is that the decision to require a plaintiff to post security is a discretionary one." *Id. (*citing Local Rule 151(b) (the Court *may* order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby) (emphasis added); *Bradford v. Brooks*, 659 F. App'x 935, 936 (9th Cir. 2016) ("[The] district court did not abuse its discretion by requiring [plaintiff] to post a security after declaring him a vexatious litigant . . .")).

Nov. 21, 2016) ("Both this court's local rule and Ninth Circuit decisions demonstrate that the court looks to federal law, not state law, to define a vexatious litigant.").

"[U]nder federal law, the standard for declaring a litigant vexatious is more stringent" than the standard under California law. *Goolsby*, 2014 WL 2330108, at *1. *See also Cranford v. Crawford*, Case No. 1:14-cv-00055-AWI-MJS (PC), 2016 WL 4536199, at *3 (E.D. Cal. Aug. 31, 2016 ("[The state statutory definition of vexatiousness is not enough to find a litigant vexatious in federal court."). Litigiousness alone is insufficient to support a finding of vexatiousness under federal law. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061 (9th Cir. 2007) ("[T]he simple fact that a plaintiff has filed a large number of complaints, standing alone, is not a basis for designating a litigant as 'vexatious.'"); *Goolsby*, 2014 WL 2330108, at *1 ("[T]he mere fact that a plaintiff has had numerous suits dismissed against him is an insufficient ground upon which to make a finding of vexatiousness."). "The plaintiff's claims must not only be numerous, but also be patently without merit." *Molski*, 500 F.3d at 1051 (quoting *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990)). *See Microsoft Corp. v. Motorola, Inc.,* 696 F.3d 872, 886 (9th Cir. 2012) (defining vexatious litigation as "without reasonable or probable cause or excuse, harassing, or annoying."). *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining "frivolous" under the in forma pauperis statute, 28 U.S.C. § 1915, as "lack[ing] an arguable basis either in law or in fact").

A complaint alleging state law claims over which the court declines to exercise supplemental jurisdiction after the dismissal of federal claims is not *per se* frivolous, *see Harris v. Harris*, 935 F.3d 670, 674 (9th Cir. 2019), nor is a complaint that is barred by *Heck*, *see Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th Cir. 2016). *See also id*. at 1057 (explaining that a dismissed case is deemed "frivolous, malicious, or fails to state a claim" for purposes of 28 U.S.C. § 1915(g) only if the "case *as a whole*" is dismissed for that reason) (emphasis added). "The focus is on the number of suits that were frivolous or harassing in nature rather than on the number of suits that were simply adversely decided." *Cranford*, 2016 WL 4536199, at *2. Moreover, because requiring Plaintiff, who is proceeding *in forma pauperis*, to post a security in the amount of $11,660 is tantamount to a sanction under the Court's inherent powers, *see Gaines*, 2020 WL 58271, at *1, the Court must make a specific finding of "bad faith or conduct tantamount to bad

7

1  faith." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

2        Here, Defendant does not address the federal substantive law requirements to show
3  vexatiousness and bad faith. Instead, he relies exclusively on California law: he cites theسsixteen
4  cases listed above and contends that these cases were decided adversely against him in the past
5  seven years, which is the vexatious standard under California Civil Procedure Code section
6  391(b)(1). Analyzing the issue, *sua sponte*, of whether Plaintiff is a vexatious litigant under *federal*
7  law, the undersigned finds that Defendant has failed to demonstrate that Plaintiff engaged in bad
8  faith or that his cases are, as a whole, "harassing" or "patently without merit." *Molski*, 500 F.3d at
9  1059–60; *Microsoft,* 696 F.3d at 886; *Washington*, 833 F.3d at 1055; *Fink*, 239 F.3d at 994. Of the
10 sixteen cases listed above that were cited by Defendant, three were voluntarily dismissed (Nos. 9,
11 12, & 13); two were dismissed for failure to prosecute (Nos. 7 & 11); two were dismissed in whole
12 or in part due to a lack of jurisdiction (Nos. 2 & 5); one was dismissed for failure to file a pretrial
13 statement (No. 1); one was dismissed for failure to file an amended complaint (No. 4); one was
14 dismissed in part because *Younger* abstention applied, and, because some of the claims appeared to
15 be barred by *Heck*, it was more properly brought as a habeas corpus proceeding (No. 14); and one
16 was not a "case" at all, but rather an application for an enlargement of time to file a writ of certiorari,
17 which was denied (No. 3).

18       In the absence of any argument by Defendant to the contrary, the Court declines to find,
19 based on the record before it, that Plaintiff is a vexatious litigant under federal law. District courts
20 should issue orders sanctioning vexatious litigants only in rare circumstances, *see Molski*, 500 F.3d
21 at 1057, and the undersigned finds that the present case does warrant the imposition of a security
22 requirement that will likely dispose of this matter. *See Simulnet E. Assocs. v. Ramada Hotel*
23 *Operating Co*., 37 F.3d 573, 575–76 (9th Cir. 1994) ("In requiring a security bond for defendants'
24 costs, care must be taken not to deprive a plaintiff of access to the federal courts. To do so has
25 serious constitutional implications."). It is within the Court's discretion to decline to impose such
26 a requirement. *See* E.D. Cal. Local Rule 151(b); *Bradford*, 659 F. App'x at 936.

27       Because the Court does not find that Plaintiff is vexatious, it does not reach the issue of
28

whether there is a reasonable probability that he will prevail in this case.[3]

### III.  CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS that Defendant's motion to declare Plaintiff a vexatious litigant and require him to post security (Doc. 60) be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B).  Within fourteen (14) days after being served with these Findings and Recommendation, Defendant may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Defendant is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 17, 2020**                    /s/ *Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE

---

[3] The undersigned notes that the present motion was accompanied by Defendant's motion for summary judgment (Doc. 61), which, according to him, "present[s] substantially the same arguments as the vexatious litigant motion." (Doc. 60-7 ¶ 8.)  One purpose of authorizing security for costs is to allow the court to have some control over the administration of a lawsuit. *See Chappel v. Perez*, No. 2:09–cv–1465 GEB KJN P, 2011 WL 1584581, at *1 (E.D. Cal. 2011). By his own admission, Defendant's arguments regarding why Plaintiff will not prevail in this action are also raised in his concurrently-filed summary judgment motion, which is pending before the district judge. As this Court has observed, "requiring plaintiff to post security for an action that may be dismissed . . . . does not enable court control of this action. Limited court resources are better spent deciding one dispositive motion rather than a dispositive motion and a motion to require plaintiff to pay costs." *Haney v. Johnson*, No. 2:16–cv–1173 TLN KJN P, 2018 WL 1399172, at *3 (E.D. Cal. Jan. 19, 2018), *report and recommendation* adopted, No. 2:16–cv–1173 TLN KJN P, 2018 WL 1377783 (E.D. Cal. Mar. 19, 2018)