UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM WILLIAMS,<br><br>   Plaintiff,<br><br>   v.<br><br>J. MARSH #018609 CALIFORNIA HIGHWAY PATROL,<br><br>   Defendant. | No. 1:19-cv-00309-NONE-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DENYING DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND TO REQUIRE PLAINTIFF TO POST SECURITY<br><br>(Doc. Nos. 68, 69) |

Plaintiff Ahkeem Williams is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 18, 2020, the assigned magistrate judge issued findings and recommendations (Doc. No. 68) recommending the denial of defendant J. Marsh's motion to declare plaintiff a vexatious litigant and require plaintiff to post security pursuant to Local Rule 151(b) (Doc. No. 60).  The findings and recommendations were served upon the defendant and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (Doc. No. 68 at 9.)  On July 1, 2020, defendant filed objections.  (Doc. No. 69)

/////

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including defendant's objections, the court concludes that the pending findings and recommendations are supported by the record and by proper analysis.

Defendant first objects that the "Magistrate Judge did not apply the correct standard in determining whether plaintiff was vexatious." (Doc. No. 69 at 1.)  Relying in part on Local Rule 151(b), defendant argues that the magistrate judge erred by applying federal law, as opposed to the California state law definition, to determine vexatiousness.  (Doc. No. 69 at 1–2.)  Local Rule 151(b) states:

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

As the magistrate judge and numerous decisions within this district have concluded, Local Rule 151(b) does not change the general rule that this court "looks to federal law for the definition of vexatiousness"; it simply "directs the Court to look to state law for the *procedure* in which a litigant may be ordered to furnish security." *Goolsby v. Gonzales*, No. 1:11-cv-00394-LJO-GSA-PC, 2014 WL 2330108, at *1 (E.D. Cal. May 29, 2014), *report and recommendation adopted*, 2014 WL 3529998 (E.D. Cal. July 15, 2014); *see also Shehee v. Redding*, No. 1:14-cv-00706-DAD-SAB (PC), 2019 WL 1220766, at *2 (E.D. Cal. Mar. 15, 2019), *report and recommendation adopted*, 2019 WL 2420153 (E.D. Cal. June 10, 2019); *Hammler v. Clark*, No. 1:19-cv-00373-AWI-SAB (PC), 2019 WL 6799850, at *1 (E.D. Cal. Dec. 13, 2019), *report and recommendation adopted*, 2020 WL 870173 (E.D. Cal. Feb. 20, 2020); *Gonzales v. Podsakoff*, No. 1:15-cv-00924-DAD-SKO (PC), 2018 WL 1316890, at *3 (E.D. Cal. Mar. 14, 2018), *report and recommendation adopted*, 2018 WL 2939087 (E.D. Cal. June 12, 2018); *Darden v. Mechael*, No. 1:17-cv-00505-LJO-SAB (PC), 2018 WL 2284176, at *2 (E.D. Cal. May 17, 2018), *report*

*and recommendation adopted*, 2018 WL 3134864 (E.D. Cal. June 21, 2018); *Fields v. Patterson*, No. 1:10-cv-01700-LJO-EPG-PC, 2016 WL 1162083, at *2 (E.D. Cal. Mar. 24, 2016), *report and recommendation adopted*, 2016 WL 4417686 (E.D. Cal. Aug. 18, 2016); *Smith v. Officer Sergent*, No. 2:15-cv-0979 GEB DB P, 2016 WL 6875892, at *2 (E.D. Cal. November 21, 2016). Accordingly, defendant's first objection is denied.

Defendant's second, related objection asserts that the magistrate judge erred by not "requiring Plaintiff to post a security bond . . . because Defendant failed to show that Plaintiff was vexatious according to the federal standard." (Doc. No. 69 at 5.) Defendant argues that "since the federal standard does not apply, the Magistrate Judge abused her discretion in finding that requiring a security bond against an indigent plaintiff was improper." (Doc. No. 69 at 6.) This objection fails for the same reason defendant's first objection fails: the federal standard is controlling and it has not been met in this case.

Accordingly,

1. The findings and recommendations issued June 18, 2020 (Doc. No. 68) are adopted in full; and
2. Defendant's motion to declare plaintiff a vexatious litigant and require plaintiff to post security (Doc. No. 69) is denied.

IT IS SO ORDERED.

Dated:  **August 14, 2020**

UNITED STATES DISTRICT JUDGE